# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>JOSEPH GILLIAM (01)<br>RONALDO JUAN (02)<br><br>*Defendant(s)* | Case No. 1:20-MJ-052--BU |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 23, 2020__ in the county of __Mitchell__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i) and 18 U.S.C. § 2. | Transportation of Illegal Aliens and Aiding and Abetting |

This criminal complaint is based on these facts:
(see attached affidavit)

☑ Continued on the attached sheet.

*Complainant's signature*

Marisol O'Leary, SA HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this ___th day of August, 2020

Date: _____

*Judge's signature*

City and state: Abilene, Texas
John R. Parker, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Marisol O'Leary, being first duly sworn, depose and state the following:

### I. INTRODUCTION AND AGENT BACKGROUND

1.  I have been a federal agent since 2000 and a federal criminal investigator since 2003. I am currently employed by the U.S. Department of Homeland Security, Homeland Security Investigations (HSI) in San Angelo, Texas. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2.  My duties as a Criminal Investigator include, but are not limited to, investigating federal statues consisting of alien smuggling and smuggling of contraband into and out of the United States, as well as general alien investigations. As part of my duties, I have also conducted and participated in investigations relating to alien smuggling. As part of my duties and responsibilities as an HSI Special Agent, I am authorized to investigate crimes involving immigration violations, pursuant to Title 8, United States Code, Sections 1324, *et seq.*

3. As part of my duties as an HSI Special Agent, I have received training and gained extensive experience in the conduct of criminal investigations involving immigration offenses and alien smuggling.

4. The facts set forth in this affidavit are known to me as a result of my participation in this investigation and speaking with other law enforcement officials, personnel, and witnesses. I have spoken to, and worked with, other experienced federal, state, and local agents and peace officers in investigating this case.

5. This affidavit is intended to show only that there is enough probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## II. PURPOSE OF AFFIDAVIT

6. This affidavit is provided in support of an application for an arrest warrant for Joseph Gilliam and Ronaldo Juan.

7. I have probable cause to believe Joseph Gilliam and Ronaldo Juan have violated 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i), that is, Transportation of Illegal Aliens for Commercial Advantage or Private Financial Gain. Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i), make it a federal crime for any person to knowingly or in reckless disregard of the fact that an alien is unlawfully present in the United States, transport, attempt to transport, or move the alien within the United States by means of transportation or otherwise, in furtherance of violating the law, and does so either for the purpose of commercial advantage or for private financial gain.

### III. FACTS SUPPORTING PROBABLE CAUSE

8. On August 23, 2020, at approximately 12:30 pm, Texas Department of Public Safety (DPS) in Mitchell County, Texas conducted a traffic stop on Interstate 20, east bound. DPS Officer Anderson observed the driver, later determined to be Joseph GILLIAM, to be travelling well in excess of the posted speed limit. Officer Anderson identified the driver as GILLIAM and the front seat passenger as Ronaldo JUAN. The officer also identified and ten (10) additional passengers in the 2020 Chevrolet Sport Utility Vehicle GILLIAM was operating. Suspecting that the passengers were not United States citizens, DPS notified Abilene Border Patrol that they had a possible human smuggling investigation. Abilene Border Patrol Agents were advised and responded along with HSI Agents. The ten (10) passengers were determined to be Guatemalan undocumented aliens and all of the individuals, including GILLIAM and JUAN were transported to the Taylor County Jail by Border Patrol and interviewed by HSI agents. Border Patrol Agents interviewed the aliens as to their immigration status and determined they were all citizens of Guatemala. All ten (10) passengers freely admitted to being in the country illegally and did not have any documents allowing them to enter or legally remain in the United States. GILLIAM and JUAN were identified as United States citizens, who lived in Knoxville, Tennessee.

9. On August 23, 2020, Homeland Security Investigations (HSI) Agents and Border Patrol Agents interviewed the Undocumented Aliens (UDAs) and discovered that they were picked up by GILLIAM in Midland, Texas and were to be driven to their final

destinations within the United States. The UDAs admitted having made smuggling arrangements in Guatemala and paid between $8,000 and $10,000 to a smuggling organization out of Chihuahua, Mexico to be smuggled, illegally, into the United States. The UDAs were to be smuggled into and through the United States to work and to be reunited with family already in the U.S.

10. GILLIAM, the driver of the Chevrolet, was read his Miranda Warnings and agreed to speak to HSI Special Agent O'Leary. GILLIAM stated he has a landscaping and roofing business in Knoxville, Tennessee and needed workers so he had received a call from someone in Guatemala that there were workers in Midland, Texas to pick up. He further stated he departed Knoxville, Tennessee on Saturday, August 22, 2020, around 5 p.m. and asked his roommate, Rolando JUAN, to go with him to pick up three (3) workers from Midland, Texas. He stated he drove all night to Midland, Texas and arrived at a 7-11 convenient store near train tracks in Midland, where a van with two (2) men and the ten (10) UDAs were parked. GILLIAM stated he did not know that there were ten (10) workers but needed them so he took them all. GILLIAM stated he made all the arrangements to pick up the UDAs and was not going to get paid because he was going to use them to work for him. GILLIAM further stated he knew they were illegal aliens and that transporting them was illegal. GILLIAM stated he bought the UDAs breakfast and gave them drinks.

11. JUAN, the passenger of the Chevrolet, was read his Miranda Warnings and agreed to speak to HSI Special Agent O'Leary. JUAN stated he is GILLIAM's roommate

and is Guatemalan. He further stated he was at a party with GILLIAM on Saturday, August 23, 2020, and was drunk when GILLIAM received a call that he needed to go pick up a couple of workers in Texas. He further stated that he asked his father to rent the 2020 Chevrolet for them and stated he told his father that they were going to see GILLIAM's family in Texas. JUAN stated he knew that he could get in legal trouble because the workers were illegal, so he did not want to tell his father the truth. He further stated he was not going to get paid, but GILLIAM was going to pay for his food and beer on the trip. JUAN stated that GILLIAM's family is in the landscaping business and he believes GILLIAM's brother-in-law is a deported alien and was the one who had called GILLIAM to transport the illegal aliens. JUAN stated that GILLIAM drove the entire way while he drank beer. When they arrived in Texas, they went to a gas station to pick up the workers. He stated he did not know it was going to be ten (10) workers, he thought two (2) or three (3). JUAN stated they met up with two (2) men in a van who were with the ten (10) UDAs. The UDAs all loaded up in the Chevrolet they were driving and were driving back to Knoxville, Tennessee when they were stopped. JUAN stated he was nervous when they were approached by police officers because he knew that the passengers were illegal. JUAN gave agents consent to search his cellular phone and upon Agent's review, several messages relating to the smuggling were found within the text messages and Google searches for Midland, Texas.

12. Antonio Marcos Gaspar, a citizen of Guatemala, illegally present in the United States, is 1 of 10 passengers in the Chevrolet and was interviewed by SA O'Leary.

Gaspar identified GILLIAM and JUAN as the drivers of the Chevrolet that was transporting him through the U.S. to his final destination of Mississippi. He stated he did not pay the driver but had paid $8,000 to $10,000 in Guatemala to be smuggled through Chihuahua, Mexico and into the United states to be reunited with family already present in the U.S. and to work as a painter. Gaspar further stated that the UDAs were not wearing seatbelts because they were too many of them in the vehicle. He further stated that he did not talk to the driver about his illegal status but stated GILLILAM and JUAN were part of the smuggling organization that would transport them to their final destination. Gaspar is being held as a material witness in this investigation.

13.    Rony Gilmar Lopez Sanchez, a citizen of Guatemala, illegally present in the United States, is 1 of 10 passengers in the Chevrolet and was interviewed by SA O'Leary. Sanchez identified GILLIAM and JUAN as the drivers of the Chevrolet that were transporting him through the U.S. to his final destination of Cincinnati, Ohio. He stated both GILLIAM and JUAN drove the vehicle while in route through Texas. He did not pay the drivers but had paid $8,000 to $10,000 in Guatemala to be smuggled through Chihuahua, Mexico and into the United states to be reunited with family already present in the U.S. and to work to support his family. Sanchez further stated that the UDAs were not wearing seatbelts because they were too many of them in the vehicle and two of the UDAs were in the cargo area of the Chevrolet laying down. He further stated that he did not talk to the driver about his illegal status but stated GILLILAM and JUAN were part of the smuggling organization that would transport them to their final destination.

Sanchez stated that when stopped by the police, JUAN told the UDAs to be quiet and to not move. Sanchez further stated that JUAN told the UDAs during the transport that when they got to their final destination they would have to pay him $150 U.S. dollars. Sanchez is being held as a material witness in this investigation.

Further affiant sayeth not.

Respectfully submitted,

Marisol O'Leary
Special Agent
Homeland Security Investigations
San Angelo, TX

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 25th day of August 2020.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

United States Department of Justice
United States Attorney

# United States District Court
## Northern District of Texas

UNITED STATES OF AMERICA      MAGISTRATE'S NO. __1:20-MJ-052-BU__

v.

Joseph GILLIAM (01)
Ronaldo JUAN (02)

## AFFIDAVIT

On this date appeared before the following Agent, who after being duly sworn, deposed and said: In the above-captioned case,

1. Antonio Marcos Gaspar

Is a material witnesses for the prosecution at the trial of the above-named defendants who are charged with violation of certain immigration laws. This witness is a citizen of Guatemala and is illegally within the United States. Should he be left to his own devices and return home, he is not subject to extradition under Guatemalan law, and it will be impracticable to secure his presence at such time as the case is called for trial. This witness was arrested on August 23, 2020.

_____
Marisol O'Leary
Special Agent
Homeland Security Investigations (HSI)
United States Department of Homeland Security

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 25th day of August, 2020

_____
John R. Parker
United States Magistrate Judge

In view of the above affidavit, it is requested of the United States Magistrate Judge that the witness named in the affidavit be required to make bail in such amount as the United States Magistrate Judge should see fit to assure their presence at the trial, and should they be unable to make such bond, that they be committed to the custody of the United States Marshal pending final disposition of the criminal case, as provided for by Rule 46(b) of the Federal Rules of Criminal Procedure.

                                             ERIN NEALY COX
                                             UNITED STATES ATTORNEY

                               By:     s/ *Sean M. Long*
                                                  Sean M. Long
                                                  Assistant United States Attorney

It is ORDERED on this _____ day of _____, _____,
that the above witness who was this date brought before me be committed to the custody of the United States Marshal pending final disposition of the above captioned case, in lieu of bail in the sum of $_____.
The witness shall be released, if in custody, sixty (60) days from the date of this ORDER.

Video Deposition(s) Set for: _____     _____

                                                  John R. Parker
                                                  United States Magistrate Judge

United States Department of Justice
United States Attorney

# United States District Court
## Northern District of Texas

UNITED STATES OF AMERICA          MAGISTRATE'S NO. 1:20-MJ-052-BU

v.

Joseph GILLIAM (01)
Ronaldo JUAN (02)

## AFFIDAVIT

On this date appeared before the following Agent, who after being duly sworn, deposed and said: In the above-captioned case,

1. Rony Gilmar Lopez Sanchez

Is a material witnesses for the prosecution at the trial of the above-named defendants who are charged with violation of certain immigration laws. This witness is a citizen of Guatemala and is illegally within the United States. Should he be left to his own devices and return home, he is not subject to extradition under Guatemalan law, and it will be impracticable to secure his presence at such time as the case is called for trial. This witness was arrested on August 23, 2020.

Marisol O'Leary
Special Agent
Homeland Security Investigations (HSI)
United States Department of Homeland Security

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 25th day of August, 2020

John R. Parker
United States Magistrate Judge

In view of the above affidavit, it is requested of the United States Magistrate Judge that the witness named in the affidavit be required to make bail in such amount as the United States Magistrate Judge should see fit to assure their presence at the trial, and should they be unable to make such bond, that they be committed to the custody of the United States Marshal pending final disposition of the criminal case, as provided for by Rule 46(b) of the Federal Rules of Criminal Procedure.

ERIN NEALY COX
UNITED STATES ATTORNEY

By:    s/ Sean M. Long
       Sean M. Long
       Assistant United States Attorney

It is ORDERED on this _____ day of _____, _____,
that the above witness who was this date brought before me be committed to the custody of the United States Marshal pending final disposition of the above captioned case, in lieu of bail in the sum of $_____.
The witness shall be released, if in custody, sixty (60) days from the date of this ORDER.

Video Deposition(s) Set for: _____    _____

John R. Parker
United States Magistrate Judge